UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KELLYLEE A. SEXTON, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>LT. BROOKS, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:04-CV-437 RM |

<u>OPINION AND ORDER</u>

Kellylee Sexton filed this case pursuant to 42 U.S.C. § 1983, alleging that Maximum Control Facility officials violated his federally protected rights. When it screened Mr. Kelly's amended complaint pursuant to 28 U.S.C. § 1915A, the court dismissed several defendants and allowed him to proceed against Correctional Lieutenant Brooks and Correctional Officers Midkiff and Kelley on his Eighth Amendment excessive use of force claim. Mr. Sexton alleges that on March 8, 2004, Lieutenant Brooks used physical force on him without cause and that Officers Midkiff and Kelley were aware that Lt. Brooks was going to assault him but did nothing to prevent the attack.

The defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56, asserting that Mr. Sexton can not establish the existence of an essential element of his case on which he bears the burden of proof. Mr. Sexton has responded. For the reasons that follow, the court grants the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Although the

> moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). A correctional officer's use of force against an inmate may give rise to an Eighth Amendment claim, Hudson v. McMillian, 503 U.S. 1 (1992); Whitley v. Albers, 475 U.S. 312 (1986), but "that is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. at 10, *quoting* Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

The defendants deny that they used any physical force on Mr. Sexton. Submissions in support of their summary judgment motion state that Mr. Sexton

threw food at an officer, refused to return his food tray, and used the tray to smash the lights in his cell. Lt. Brooks ordered Mr. Sexton to cuff up —and when he refused, Lt. Brooks sprayed mace into the cell to subdue him. After decontaminating Mr. Sexton, the officers returned him to a cell, where he started moving around, hitting the walls with his body and telling the officers to get a nurse or he would accuse them of causing his injuries. Mr. Sexton's unverified two page response asserts only that the defendants' statements contradict each other to the extent that a nurse's statement showing he had a mark on his back might be consistent with his claim that Lt. Brooks might have used physical force on him.

The defendant's summary judgment motion pointed out facts and law that would keep Mr. Sexton from succeeding on his excessive use of force claim, and also informed him of the method and importance of responding to their summary judgment motion, *see* Timms v. Frank, 953 F.2d 281, 285-286 (7th Cir. 1992); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). Because the defendants met their initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Sexton to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a factfinder to decide the case in his favor. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). "The days are gone, if they ever existed, when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990). Where a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to

3

which she has the burden of proof." Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 884 (1990), *citing* Celotex Corp. v. Catrett, 477 U.S. at 323.

Mr. Sexton didn't meet his burden of proof because his suggestion that the defendants' submissions could raise a question of whether a bruise is consistent with his claim that Lt. Brooks might have used physical force on him is inadequate to avoid summary judgment. The nurse's statement that Mr. Sexton had a mark on his shoulder might be consistent with an assault by a correctional officer, but it also is consistent with a prisoner slamming himself against the wall as the defendants assert Mr. Sexton did. The defendants say Mr. Sexton cannot succeed on his excessive use of force claim because Lt. Brooks didn't assault Mr. Sexton and his injury was self-inflicted. In response, Mr. Sexton submitted no admissible evidence that Lt. Brooks used excessive force on him —he only attempted to poke holes in the defendants' motion.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment [docket #23] and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: October 3, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court